UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION NO. 1:22-CV-00042-MOC-WCM

| | |
|---|---|
| **DR. JAMES MOSS MANN, INDIVIDUALLY AND AS PARENT AND CUSTODIAL GUARDIAN OF CMM, A MINOR,**<br><br>                              **Plaintiff,**<br><br>v.<br><br>**TRAILS CAROLINA, LLC**,<br><br>                              **Defendant.** | **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS** |

**NOW COMES** the Defendant, Trails Carolina, LLC, by and through counsel, and submits this brief in support of Defendant's Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

## BACKGROUND

Trails Carolina is a residential wilderness therapy treatment program located in Lake Toxaway, North Carolina, which provides therapeutic programs to adolescents dealing with a variety of mental health problems. Trails Carolina LLC is a health care provider as that term is defined under N.C. Gen. Stat. § 90-21.11.

Plaintiff James Moss Mann, is the parent of minor CMM. On or about October 23, 2019, Plaintiff enrolled CMM in the Defendant's program. During CMM's enrollment at Trails Carolina, Plaintiff contends that Trails Carolina fostered an environment that allowed CMM to allegedly be sexually assault by another student.

## STANDARD OF REVIEW

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). "To survive a motion to dismiss, a

1

complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

**ARGUMENT**

Plaintiff's Complaint fails to satisfy the Rule 9(j) of the North Carolina Rules of Civil Procedure applicable to medical malpractice actions, which is applicable to federal cases, and, therefore, the case should be dismissed. Trails Carolina is a health care provider as that term is defined under N.C. Gen. Stat.§ 90-21.11 as the program provides therapeutic treatment and medication management to its patients.

**I. DEFENDANT IS A MEDICAL CARE PROVIDER PURSUANT TO N.C. GEN. STAT. § 90-21.11(c)**

N.C. Gen. Stat.§ 90-21.11 defines who and what a "health care provider" is in regards to medical malpractice suits in North Carolina. Sub-subsection C reads, in part, that a "health care provider" is "any other person who is legally responsible for the negligence of a person described by sub-subdivision a. of this subdivision ... " Sub-subdivision "a" defines a "health care provider" as "A person who pursuant to the provisions of Chapter 90 of the General Statutes is licensed, or is otherwise registered or certified to engage in the practice of or otherwise performs duties associated with any of the following: medicine, surgery, dentistry, pharmacy, optometry, midwifery, osteopathy, podiatry, chiropractic, radiology, nursing, physiotherapy, pathology, anesthesiology, anesthesia, laboratory analysis, rendering assistance to a physician, dental hygiene, **psychiatry, or psychology**." (Emphasis added).

Defendant provides therapeutic programs to adolescents dealing with a variety of mental and emotional health problems. Defendant's staff includes therapists and psychiatrists, which are specifically defined in N.C. Gen. Stat. § 90-21.11. Considering the Defendants provide the specific

services defined in N.C. Gen. Stat. § 90- 21.11 and that the Plaintiffs specifically allege claims and damages directly resulting from those same services, Defendant clearly falls under the statutory definition of "health care provider."

## II. PLAINTIFF ASSERTS CLAIMS AGAINST DEFENDANT WHICH AMOUNT TO CLAIMS FOR MEDICAL MALPRACTICE

Plaintiff's allegations as set forth in the Complaint constitute a medical malpractice action under the guise of a negligence, gross negligence, and unfair and deceptive trade practice action. In the Complaint, Plaintiff has alleged: "Trails Carolinas undertook and administered therapy, youth-development programs, activities, and services to minors, and as a result assumed a duty to CMM, Plaintiff and other students to exercise reasonable care in connection with its programs, activities, services."

Although Plaintiff has made the foregoing allegations in the purported context of negligence, gross negligence, and unfair and deceptive trade practice claims, these allegations clearly constitute an averment by Plaintiff that Trails Carolina, a health care provider, failed to comply with the applicable standard of care for the same or similarity situated treatment center. Moreover, the styling of the Complaint in the form of a negligence, gross negligence, and unfair and deceptive trade practice action and/or the omission of any reference to N.C. Gen. Stat. §§ 90-21.11, 90-21.12, or any of the related statutes, does not change the substance of Plaintiff's malpractice allegations against Trails Carolina. Plaintiff contends that Trails Carolina violated the applicable standard of care in its Complaint.

## III. PLAINTIFF'S COMPLAINT DOES NOT COMPLY WITH N.C.R.C.P. 9(j)

North Carolina Rule of Civil Procedure 9(j) "serves as a gatekeeper, enacted by the legislature, to prevent frivolous malpractice claims by requiring expert review before filing of the

Case 1:22-cv-00042-MOC-WCM   Document 6   Filed 04/25/22   Page 3 of 7

3

action." *Moore v. Proper*, 366 N.C. 25, 31, 726 S.E.2d 812, 817 (2012). North Carolina Rule of Civil Procedure Rule 9(j) is applicable in federal cases. "The rule sets out a condition a plaintiff must meet before filing a claim of medical-negligence under North Carolina law, unless the claim is based on res ipsa loquitur. The plaintiff must submit the claim for review by an expert—that is, by a person the plaintiff expects to qualify, or whom the plaintiff will seek to have qualified, as an expert—and the expert must be willing to testify that there was a breach of the applicable standard of care." *Lewis v. Womack Army Med. Ctr.,* 886 F. Supp. 2d 1304, 1307 (N.D. Fla. 2012)( finding that before filing an Federal Tort Claims Act lawsuit based on medical negligence in North Carolina, a plaintiff must submit the claim to an expert willing to testify that there was a breach of the applicable standard of care, as set out in North Carolina Rule of Civil Procedure 9(j)); *see also* N.C. Gen.Stat. § 1A–1, Rule 9(j)(1)-(2). A plaintiff's failure to comply with Rule 9(j) is grounds for dismissal of a state medical-malpractice claim filed in federal court. S*ee Est. of Williams-Moore v. All. One Receivables Mgmt., Inc.,* 335 F. Supp. 2d 636, 649 (M.D.N.C. 2004)(dismissing plaintiff's medical malpractice claim for failure to comply with the Rule 9(j) certification requirement); *see also Frazier v. Angel Med. Ctr.,* 308 F. Supp. 2d 671, 676 (W.D.N.C. 2004); *Moore v. Pitt Cty. Mem'l Hosp.,* 139 F. Supp. 2d 712, 713 (E.D.N.C. 2001).

In medical malpractice cases, the requirements of Rule 9(j) must be met in the complaint in order to survive a motion to dismiss. *Alston v. Hueske*, 244 N.C. App. 546, 552, 781 S.E.2d 305, 309 (2016).

North Carolina Rule of Civil Procedure 9(j) states:

> Medical malpractice.--Any complaint alleging medical malpractice by a health care provider pursuant to G.S. 90-21.11(2)a. in failing to comply with the applicable standard of care under G.S. 90-21.12 shall be dismissed unless:
>
> (1) The pleading specifically asserts that the medical care and all medical records pertaining to the alleged negligence that are available to the plaintiff after reasonable inquiry have been reviewed by a person who is reasonably expected to qualify as an expert witness under Rule 702 of the Rules of Evidence and who

is willing to testify that the medical care did not comply with the applicable standard of care;

(2) The pleading specifically asserts that the medical care and all medical records pertaining to the alleged negligence that are available to the plaintiff after reasonable inquiry have been reviewed by a person that the complainant will seek to have qualified as an expert witness by motion under Rule 702(e) of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care, and the motion is filed with the complaint; or

(3) The pleading alleges facts establishing negligence under the existing common-law doctrine of res ipsa loquitur.

N.C. Gen. Stat. Ann. 1A-1, 9.

"Rule 9(j) unambiguously requires a trial court to dismiss a complaint if the complaint's allegations do not facially comply with the rule's heightened pleading requirements." *Barringer v. Forsyth Cty. Wake Forest Univ. Baptist Med. Ctr.,* 197 N.C. App. 238, 255, 677 S.E.2d 465, 477 (2009).

In the instant case, Plaintiff's Complaint does not contain the necessary Rule (j) certification that the available treatment records have been reviewed by an expert that will testify that the Trails Carolina's care of CMM did not comply with the applicable standard of care. Therefore, the Complaint does not facially comply with Rule(j)'s heightened pleading requirement and should be dismissed.

### IV. A GUARDIAN AD LITEM HAS NOT BEEN APPOINTED FOR THE MINOR PLAINTIFF

Plaintiff has improperly brought this action in the name of a minor plaintiff "CMM" without first making the appropriate application to the Court to have a guardian ad litem appointed pursuant to Rule 17 of the North Carolina Rules of Civil Procedure. Minor parties to a civil action or a special proceeding must be represented by a guardian ad litem. *See In re Clark*, 303 N.C. 592, 598, 281 S.E.2d 47, 52 (1981). Therefore, the Court should dismiss this action until a proper

guardian ad litem is appointed for "CMM" as the Plaintiff currently lacks standing under Rule 12(b)(1).

## CONCLUSION

Plaintiff's Complaint is missing the necessary certification under Rule 9(j) of the North Carolina Rules of Civil Procedure. Further, Plaintiff lacks standing to bring an action in the name of a minor plaintiff. Therefore, the Complaint should be dismissed pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

**This the 25th day of April, 2022.**

**HEDRICK GARDNER KINCHELOE & GAROFALO LLP**

**By:** */s/ Kristy D' Ambrosio*
**DAVID L. LEVY**
**NC State Bar No. 34060**
**KRISTY M. D'AMBROSIO**
**NC State Bar No. 52817**
**6000 Fairview Road, Suite 1000**
**Charlotte, NC 28210**
**Phone: 704-366-1101**
**Fax: 704-366-6181**
**dlevy@hedrickgardner.com**
**kdambrosio@hedrickgardner.com**
*Attorneys for Defendant Trails Carolina, LLC*

# **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document *Memorandum of Law in Support of Defendant's Motion to Dismiss* was served upon all counsel of Record via ECF as follows:

>Shaun C. Blake (NC Bar #35819)
>Jenkins M. Mann (pro hac vice pending)
>Rogers Lewis Jackson Mann & Quinn LLC
>1901 Main Street, Suite 1205
>Columbia, SC 29201
>sblake@rogerslewis.com
>jmann@rogerslewis.com
>F: (803) 252-3653
>Attorneys for Plaintiff

**This the 25th day of April, 2022.**

>*/s/ Kristy M. D'Ambrosio*
>**KRISTY M. D'AMBROSIO**
>**NC State Bar No. 52817**